

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gary Y. Sussman
Assistant U.S. Attorney
gary.sussman@usdoj.gov
(503) 727-1030
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 8, 2018

Lynne B. Morgan
Attorney at Law
6312 SW Capitol Hwy., Suite 443
Portland, Oregon 97204

Re:     *United States v. Kristopher Michael Johnstone*
        Case No. 3:14-CR-00397-HZ

Dear Ms. Morgan:

This letter will set forth the government's plea offer in this case.

1.      **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, except as specifically provided herein.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges**:  Defendant agrees to plead guilty to Count 1 of the indictment, which charges him with attempted online enticement of a minor, in violation of 18 U.S.C. § 2422(b).

3.      **Penalties**:  Count 1 carries a mandatory minimum term of imprisonment of 10 years, a maximum of life, a $250,000 fine, a term of supervised release of five years to life, and a $100 statutory fee assessment.  *Defendant will be required to register as a sex offender.*  Defendant may also be required to pay restitution to the victim of the offense.  Defendant agrees to pay the total fee assessment by the change of plea hearing or explain to the court why he cannot do so. Defendant further agrees to abandon any right, title, or interest in the assets or other property set forth below.

4.      **Sex Offender Registration**:  Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student.  Defendant understands that he must update his registration no later than three business days following any change of name, residence, employment, or student status.  Defendant further understands that failure to

Lynne B. Morgan
January 8, 2018
Page 2

comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5.    **No Additional Prosecution**:  In exchange for defendant's guilty plea, the USAO agrees to neither file nor seek any new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

6.    **Sentencing Factors**:  The parties agree that the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (U.S.S.G.). The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a).  The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

7.    **Relevant Conduct**:  The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all of the unlawful conduct alleged in the indictment.  For sentencing purposes, the parties agree that the following guideline calculations presently apply in this case:

| | |
|---|---:|
| Base offense level [U.S.S.G. §§ 2G1.3(a)(3)] | 28 |
| Use of computer or interactive computer service [§ 2G1.3(b)(2)] | +2 |
| Minor under the age of 12 [§ 2G1.3(b)(5)] | +8 |
| **Adjusted offense level** | **38** |

Except as provided below, the parties agree that no additional specific offense characteristics or cross-references as set forth in U.S.S.G. §§ 2G2.1 or 2G2.2, and no aggravating or mitigating factors as set forth in U.S.S.G. Chapter Three, presently apply to this case.

8.    **Acceptance of Responsibility**: Defendant must demonstrate to the court that he fully admits and fully accepts responsibility for his unlawful conduct in this case.  If defendant does so, the USAO agrees to recommend a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or does anything inconsistent with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.    **Sentencing Recommendation**:  So long as defendant demonstrates an acceptance of responsibility, the parties will jointly recommend that the court impose the ten-year mandatory minimum sentence.  Because defendant was also convicted and sentenced in the

Lynne B. Morgan
January 8, 2018
Page 3

---

Washington County Circuit Court for the same conduct involving the same victim, the parties agree that under U.S.S.G. § 5G1.3(b), the sentence in this case should be imposed to run concurrently with the sentence imposed in the Washington County case, and should be adjusted downward by the amount of time defendant has already served on his state sentence for which he will not receive credit against his federal sentence by the Bureau of Prisons (not to exceed 41 months).[1]  The parties further agree that the court should impose a term of supervised release of not less than ten years.

10.    **Abandonment of Property**:  By signing this agreement, defendant knowingly and voluntarily agrees to abandon all right, title, and interest in and to the cellular telephone and any other property he used to commit or promote the commission of the offense alleged in this case.

11.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of his conviction and sentence on any grounds, unless (1) the sentence imposed exceeds the statutory maximum; (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of U.S.S.G. Chapters 4 or 5K; or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory sentencing guideline range.  If defendant seeks an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on the ground of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12.    **Court Not Bound**:  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the court is not bound to adopt or accept the recommendations of the parties or the presentence report writer. Defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

13.    **Full Disclosure/Reservation of Rights**:  The USAO reserves the right to oppose or contest any argument made or motion filed by defendant at any time.  The USAO also reserves the right to challenge statements of fact or guideline calculations in the presentence report, and will fully inform both the court and the U.S. Probation Office of the facts of this case and the bases for its recommendations.

---

[1] The parties agree that the court should adjust defendant's sentence even though it will result in a net sentence below the 120-month mandatory minimum. *See United States v. Drake*, 49 F.3d 1438, 1440-41 (9th Cir. 1995).

Lynne B. Morgan
January 8, 2018
Page 4

14.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offense between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15.     **Elements and Facts**: Defendant understands that the elements of the offense of attempted online enticement of a minor are as follows:

       a.      On or about the dates alleged in Count 1 of the indictment, in the District of Oregon, defendant knowingly used a means or facility of interstate commerce to persuade, induce, entice, or coerce an individual who was under the age of 18 to engage in unlawful sexual activity, or attempted to do so;

       b.      Defendant believed the individual he attempted to persuade, induce, entice, or coerce was less than 18 years of age; and

       c.      Defendant could have been charged with a criminal offense for engaging in the sexual activity with the minor.

Defendant stipulates that the government can prove each of the following facts beyond a reasonable doubt at trial:

       a.      Beginning on or about August 3, 2014, defendant, using the screen name "James Gordon," began sending sexually explicit instant messages to a then-eleven-year-old girl using the KIK instant messaging service.  The girl was the daughter of defendant's former girlfriend.  Defendant knew how old the girl was.

       b.      In the messages, defendant repeatedly urged the girl to engage in oral and vaginal sex with him.  He sent her a photo of his penis.  The girl's mother identified defendant from the photo, as well as from certain references he made in the KIK instant messages he sent to the girl.  The girl's mother made a report to the Hillsboro Police Department, and gave them the phone on which the instant messages were received.

       c.      A Hillsboro Police detective assumed the girl's online identity and continued communicating with defendant via the KIK instant messenger service. Defendant eventually told the girl his name was "Kris," and said that he used to live with her family.  He continued to ask the girl, who by then had turned 12, to engage in sexual acts with him.  He sent her additional photos of his penis.  At one point during the instant messaging exchange, defendant was

Lynne B. Morgan
January 8, 2018
Page 5

---

hiding in the back yard of the girl's residence at night, urging her to come outside and have sex with him.

d.  During an instant messaging exchange on September 20, 2014, the detective, posing as the girl, agreed to meet defendant near the girl's residence. FBI agents and Hillsboro Police detectives took defendant into custody in an alleyway behind the girl's residence, and seized the Apple iPhone he had been using to send instant messages to the girl.

e.  KIK is an Internet-based texting and instant messaging application for mobile devices. The Internet is a means or facility of interstate commerce. It is unlawful under Oregon state law for an adult man to engage in oral or vaginal sex with an 11- or 12-year-old girl.

16.  **Restitution**: The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses proximately caused by defendant's conduct, regardless of whether counts of the indictment or information dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to Title 18, United States Code, Section 3614, he may be resentenced to any sentence that could have originally been imposed if the court determines that he knowingly and willfully refused to pay restitution as ordered or failed to make sufficient bona fide efforts to pay restitution. Additionally, defendant understands and agrees that the government may enforce collection of restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt he owes in connection with this matter may be included in the Treasury Offset Program (TOP) to potentially offset his federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F), defendant understands and agrees that until a restitution order is paid in full, he must notify the United States Attorney's Office of any change in his mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), defendant must immediately notify the court and the U.S. Attorney's Office of any material change in his economic circumstances that might affect his ability to pay restitution, including but not limited to new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

Lynne B. Morgan
January 8, 2018
Page 6

---

17.    **Total Agreement**:  This letter states the full extent of the agreement between the parties.  There are no other promises, representations, or agreements, either express or implied, by or between the parties.  Defendant agrees that no officer, employee, or agent of the United States has threatened or coerced him to induce him to accept this offer.

If defendant wishes to accept this offer under the terms and conditions set forth herein, both of you should sign and date this letter in the spaces provided below.  Please attach the signed original to the plea petition, and send me a copy at your earliest convenience.

Very truly yours,

BILLY J. WILLIAMS
United States Attorney

GARY Y. SUSSMAN
Assistant United States Attorney

I FREELY AND VOLUNTARILY ACCEPT THE TERMS AND CONDITIONS OF THIS PLEA OFFER, AFTER FIRST REVIEWING AND DISCUSSING EACH PART OF IT WITH MY ATTORNEY.  I AM SATISFIED WITH THE LEGAL ASSISTANCE PROVIDED TO ME BY MY ATTORNEY.  I WISH TO PLEAD GUILTY BECAUSE I AM GUILTY.

1-10-2018
Date

KRISTOPHER MICHAEL JOHNSTONE
Defendant

I am legal counsel for defendant.  I have carefully reviewed and discussed every part of this plea offer with defendant.  To my knowledge, defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

1-10-2018
Date

LYNNE B. MORGAN
Attorney for Defendant